134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas L. DOTSON, Defendant-Appellant.
 No. 95-10547.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted November 7, 1997.
Decided January 26, 1998.
 
 1
 Before: WIGGINS and KLEINFELD, Circuit Judges, DWYER**, District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 Douglas L. Dotson appeals his conviction, following a jury trial, on two counts of assaulting a federal marshal, in violation of 18 U.S.C. § 111, and one count of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Dotson contends that there was insufficient evidence to support his conviction on one of the two assault counts, that the district court wrongly admitted evidence of his flight from law enforcement officers two weeks after the incident, and that the district court erred in not granting a new trial in response to Brady material disclosed by the government after the trial.
 
 
 4
 A. Sufficient Evidence to Sustain a Conviction
 
 
 5
 Dotson did not renew his motion for acquittal pursuant to Fed.R.Crim.P. 29 at the close of all the evidence at trial. He thus waived his objection to the sufficiency of the government's evidence. United States v. Ramirez, 880 F.2d 236, 238 (9th Cir.1989). "Nonetheless, 'plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.' " Id. (quoting Fed.R.Crim.P. 52(b)).
 
 
 6
 Deputy Marshal Kupinsky testified that Dotson leveled a gun at both him and Deputy Marshal Shoemaker and said, "I'll kill you." Kupinsky yelled "Shotgun!" and both marshals ran for cover. The district court did not commit plain error in concluding that the evidence was sufficient to sustain a conviction of assault as to both deputy marshals.
 
 B. Admission of Evidence of Flight
 
 7
 We review the district court's admission of evidence, against a claim that the evidence was unduly prejudicial, for abuse of discretion. United States v. Crosby, 75 F.3d 1343, 1346 (9th Cir.1996). Evidence of flight is generally admissible to show consciousness of guilt. See, e.g., United States v. Chambers, 918 F.2d 1455, 1458 (9th Cir.1990) (evidence of a car chase held admissible because "[f]rom this evidence the jury reasonably could infer that [defendant] knew the cocaine was in the van and jointly possessed it.") The high-speed chase here was sufficiently connected by time, place, and circumstance to the alleged assaults to make evidence of it admissible. The district court gave an appropriate cautionary instruction that Dotson was not on trial for any conduct not charged in the indictment. No abuse of discretion in admitting the flight evidence has been shown.
 
 C. The Alleged Brady violation
 
 8
 Brady v. Maryland, 373 U.S. 83 (1963), requires that exculpatory evidence in the possession of the prosecution be disclosed to the defense. In order to be granted a new trial due to a Brady violation, a defendant must show that the government withheld material, exculpatory evidence. United States v. Zuno-Arce, 44 F.3d 1420, 1425 (9th Cir.1995), cert. denied, 116 S.Ct. 383 (1995). Evidence discovered post-trial is material under the Brady standard only if there is a reasonable probability that the result of the proceeding would have been different had it been disclosed to the defense. Hendricks v. Zenon, 993 F.2d 664, 673 (9th Cir.1993).
 
 
 9
 We review de novo the district court's determination that Brady material was cumulative of other information that was timely available to the defense. Zuno-Arce, 44 F.3d at 1425. We also review de novo the district court's denial of a new trial based on a Brady violation. United States v. Steinberg, 99 F.3d 1486, 1489 (9th Cir.1996).
 
 
 10
 The evidence in question here consisted of an oral statement allegedly made by Deputy Marshal Shoemaker, to a paralegal in the U.S. Attorney's Office, to the effect that he had not seen the shotgun. The statement was made long before trial, while affidavits for a search warrant and complaint were being prepared. At trial, when called as a defense witness, Shoemaker testified that he had briefly seen the gun. This testimony was effectively impeached by defense counsel, who showed that in earlier statements the witness had never claimed to have seen the gun. Shoemaker's pretrial statement to the paralegal was unknown to government counsel until after the trial; upon learning of it, the prosecutor promptly reported it to the court. There is nothing to suggest that an earlier disclosure would have made a difference in the outcome as to the assault on Kupinsky, or even as to the assault on Shoemaker. The district court properly concluded that a new trial was not justified.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The Honorable William L. Dwyer, United States District Judge for the Western District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3